Dear Mr. Pynes:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You ask whether an elected chief of police of Llano may also hold the position as a part-time deputy marshal for the Leesville City and Ward One Marshal's office.
Pertinent to your inquiry are the provisions of R.S.42:63(D) which state as follows:
 No person holding an elective office in a political sub-division of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Succinctly, with respect to the present request, by this paragraph of the statute an elected chief of police holding office in a political subdivision of this state, is prohibited from full-time appointive office in a political subdivision of the state, or employment in the same political subdivision in which he holds an elective office.
In Atty. Gen. Op. No. 96-74 it was observed that a deputy city marshal "constitutes an appointed office, as provided by LSA-R.S. 13:1881(B)." Therefore, inasmuch as the position of deputy marshal for the Leesville City and Ward One Marshal's office is a part-time appointive position, we do not find this provision prevents an elected chief of police from becoming a part-time deputy marshal. Moreover, we find support for this conclusion in numerous opinions of this office that have held that the law permits the holding of an elective office at the same time as an appointive office on a part-time basis. Atty. Gen. Op. Nos. 98-499, 98-458, 98-150, 98-115, 97-76, 96-405. However, an exception was noted in Atty. Gen. Op. No. 98-298 wherein it was found an elected City Councilman of Leesville was prohibited from holding the position of part time deputy marshal under R.S. 42:64 which prohibits employment held by the same person who receives funds in one office to be turned over to the other position, noting that the marshal's office collects fines and pays such fines to the City.
However, while the elected chief of police for the Town of New Llano may simultaneously be appointed as a part-time deputy marshal for the Leesville City and Ward One Marshal's Office, it is necessary that the hours served in each position do not overlap or otherwise conflict with each other.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General